## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

BRIAN ALLABASTRO,  CASE NO.:

    Plaintiff,

vs.

CORNERSTONE BUILDERS OF SW
FLORIDA INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, BRIAN ALLABASTRO ("Mr. Allabastro" or "Plaintiff"), by and through his undersigned counsel, sues the Defendant, CORNERSTONE BUILDERS OF SW FLORIDA INC. ("Cornerstone" or "Defendant") and alleges the following:

1. Plaintiff brings these claims against Defendant for religious discrimination and retaliation in violation of Title VII ("Title VII").  Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to Title VII, and the actions giving rise to this lawsuit occurred in Lee County, Florida.

3. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human

Relations ("FCHR") on or about December 26, 2019.

4. On or about February 27, 2020, Plaintiff received his Notice of Right to Sue from the EEOC.

5. Plaintiff timely files this lawsuit, and has complied with all administrative prerequisites.

6. Defendant is a Florida Profit Corporation that is registered to do business in the state of Florida, including, among other places, Lee County, Florida.

## VENUE

7. Venue is proper because Defendant conducts substantial business in Lee County, Florida, and Plaintiff worked for Defendant in Lee County, Florida, where the actions at issue took place.

## PARTIES

8. Plaintiff is protected by Title VII because:

    a. He suffered discrimination and retaliation by Defendant on the basis of his sincerely-held religious beliefs; and

    b. He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on his sincerely-held religious beliefs and based upon the religious beliefs of Defendant, including being terminated for same.

9. Defendant was at all material times an "employer" as defined Title VII, as it employed in excess of fifteen (15) employees.

## GENERAL ALLEGATIONS

10. Mr. Allabastro worked for Cornerstone as a Manager from June 1, 2018, until his termination on September 9, 2019.

11. During his tenure with Cornerstone, Mr. Allabastro was required by Cornerstone managers, including Tony Leeber, Jr., to attend Christian prayer meetings each morning.

12. In the summer of 2019, Mr. Allabastro informed Mr. Leeber that he would no longer attend the morning prayer meetings.

13. Two (2) weeks after Mr. Allabastro informed Mr. Leeber of this decision, Mr. Leeber called Mr. Allabastro into his office.

14. At that time, Mr. Leeber told Mr. Allabastro, "you need to go to the prayer meetings or I won't know what to do with you."

15. Under this pressure from Cornerstone, Mr. Allabastro began attending the prayer meetings again.

16. Mr. Allabastro declined, however, to take communion during the prayer meetings.

17. Mr. Leeber challenged Mr. Allabastro concerning his deeply personal decision to eschew the taking of communion during the prayer meetings.

18. Mr. Leeber questioned Mr. Allabastro minutely about Mr. Allabastro's decision to forego taking communion.

19. Cornerstone then required Mr. Allabastro to attend a religious retreat at Dunklin Memorial Church in Okeechobee, Florida.

20. The pastors at the Dunklin Memorial Church retreat reported back to Cornerstone about Mr. Allabastro's disposition and behavior during the retreat.

21. In mid-2019, Mr. Allabastro also began a personal relationship with a new lady in his life.

22. Mr. Allabastro mentioned to Mr. Leeber that he was seeing somebody new.

23. In response, Mr. Leeber told Mr. Allabastro that he disagreed with Mr. Allabastro's decision to begin seeing somebody new.

24. Mr. Allabastro spent a night at the home of the new lady in his life.

25. Mr. Leeber learned of this, and told Mr. Allabastro that it had been "sinful" of him to do so.

26. Mr. Allabastro objected to Mr. Leeber that Cornerstone's actions violated Title VII.

27. Mr. Allabastro's objections were protected activity under Title VII.

28. Cornerstone retaliated against Mr. Allabastro for his new relationship, and for spending the night with the new lady in his life, by sending him to another religious retreat at Dunklin Memorial Church.

29. In late August of 2019, Mr. Leeber told Mr. Allabastro, "we can't support you having this relationship and allowing you to do that."

30. On September 9, 2019, Cornerstone retaliated against Mr. Allabastro by terminating his employment outright based on his failure to conform to the religious dictates of Cornerstone's managers and supervisors.

31. Cornerstone, a sizable company, could easily have accommodated Mr. Allabastro's sincerely held religious beliefs without experiencing any undue burden.

32. Title VII prohibits religious discrimination in the workplace, and requires an employer to provide a reasonable accommodation for an employee's sincerely held religious beliefs, practices, or observance.

33. Plaintiff's termination constitutes an adverse action as defined by Title VII.

34. Plaintiff suffered an adverse action as a result of his religion and as a result of Cornerstone's religious tenets.

35. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties with reasonable religious accommodation.

36. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

37. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards him.

38. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RELIGION

39. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 38 of the Complaint as if fully set forth in this Count.

40. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under Title VII.

41. The discrimination to which Plaintiff was subjected was based on his religion and/or his need for religious accommodation, and based on Cornerstone's religious tenets.

42. Defendant unlawfully refused to offer a reasonable accommodation for Plaintiff's religious beliefs or practices, in violation of Title VII.

43. Title VII prohibits religious discrimination/retaliation in the workplace, and requires an employer to provide a reasonable accommodation when an employee's sincerely held religious beliefs, practices, or observance conflict with a work requirement, unless doing so would cause the employer an undue hardship. *See, e.g., Hall v. Baptist*

*Memorial Health Care Corp.*, 215 F.3d 618, 624 (6th Cir. 2000); *Telfair v. Federal Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

44. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

45. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

47. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII BASED ON RELIGION

48. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 38 of the Complaint as if fully set forth in this Count.

49. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

50. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on his religion and/or the Defendant's religion.

51. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

53. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

54. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of May, 2020.

By: **Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com